```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HALBERT COURSEY, <br>    Plaintiff, <br>      v. <br><br>CITY OF CAMDEN, ARTURO <br>VENEGAS, et al., <br>    Defendants. | CIVIL NO. 08-2169(NLH)(KMW) <br><br>OPINION |

**APPEARANCES:**

GEORGE L. FARMER
1410 SHORE RD.
NORTHFIELD, NJ 08225
    On behalf of plaintiff

CHERYL L. COOPER
OANDASAN & COOPER P.C.
28 EAST AVENUE
PO BOX 326
WOODSTOWN, NJ 08098
    On behalf of defendant Arturo Venegas

**HILLMAN**, District Judge

    Presently before the Court is the motion of defendant Arturo Venegas to vacate the Clerk's entry of default against him. Plaintiff has opposed defendant's motion. For the reasons expressed below, defendant's motion will be granted.

## DISCUSSION

    Plaintiff, Halbert Coursey, filed a complaint in New Jersey state court claiming that the City of Camden and several members of the Camden Police Department, including defendant Arturo Venegas, who served as the department's supercession executive, violated state and federal constitutional and common law when they allegedly harassed him for filing a previous lawsuit against the City and

certain police officers. On May 5, 2008, the City removed plaintiff's case to this Court.[1] Venegas failed to timely file an answer to plaintiff's complaint, and at plaintiff's request, on January 16, 2009, the Clerk entered default as to Venegas. On July 28, 2009, Venegas moved to vacate the default. Plaintiff has opposed Venegas' motion, calling it simply a "bunch of excuses," and arguing that his failure to appear is without good cause. Contemporaneously, however, plaintiff's counsel has circulated to counsel for the other defendants a stipulation of dismissal without prejudice. In response, Venegas asks that the Court consider his motion prior to entering the stipulation.

Ordinarily, a pending motion by a defendant who has not filed his answer is obviated by a voluntary dismissal by a plaintiff. See Fed. R. Civ. P. 41(a)(1) (allowing a plaintiff to voluntarily withdraw his complaint at any time prior to the service of an answer, a motion for summary judgment, or a stipulation signed by all parties who have appeared). Thus, if plaintiff had filed his stipulation of dismissal, the Court could not consider defendant's motion. This would make sense--if a plaintiff does not wish to prosecute his claims, a voluntary dismissal saves the defendants, and the court, time and expense. See Cooter & Gell v. Hartmarx

---

[1] This Court has subject matter jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367.

Corp., 496 U.S. 384, 397 (1990) (explaining Rule 41(a)(1) "allow[s] a plaintiff to dismiss an action without the permission of the adverse party or the court only during the brief period before the defendant ha[s] made a significant commitment of time and money"). Plaintiff, however, has not filed his voluntary dismissal, and therefore, planitiff's case is still ongoing, and Venegas' motion is ripe for consideration.

The decision to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c) is left primarily to the discretion of the district court.  U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984) (citing Fed. R. Civ. P. 55(c), which provides, "For good cause shown the court may set aside an entry of default") (other citation omitted).  The Third Circuit "does not favor entry of defaults or default judgments" and it requires "doubtful cases to be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on their merits." Id. at 194-95 (citations and quotations omitted).  A district court must consider the following factors in exercising its discretion in granting or denying a motion to set aside a default under Rule 55(c): (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct.  Id. at 195 (citations omitted).

In this case, defendant Venegas explains that his default was

3

due to a confluence of events: he left his position with the Camden Police Department at the end of June 2008, he then traveled to Charlotte, North Carolina until early September 2008, then returned to his home in Sacramento, California, where two days later he sold his home with a 30 day escrow and had to immediately move his belongings into storage, all the while also traveling around the country for his police consulting work.  During this time, on September 8, 2008 Venegas received from plaintiff a summons, a waiver of service, and copy of the complaint.  On October 20, 2008, Venegas returned the waiver of service, but he states that he mistakenly believed he was facilitating the receipt of a document, rather than accepting service.  Thereafter, he continued traveling through out the country, as well as to Puerto Rico and Columbia.  Once Venegas received the documents concerning default, which alerted him to the fact that a complaint had been indeed served upon him, he contacted the Camden County Prosecutor's Office, who assured him that the County would be providing him with a defense.  They asked him to forward the court documents he had received, which he did.  The County then informed Venegas that there may be a problem with providing him with a defense.  Venegas investigated various options to obtain his own representation, which he finally did, with his counsel entering her appearance on July 7, 2009.

In considering whether to vacate the entry of default against Venegas, all factors weigh in favor of vacating the default.

First, and of primary importance, plaintiff will not be prejudiced. He has indicated that he is voluntarily withdrawing his claims against all other defendants, thus evidencing his intention to not pursue those claims at this time.  Allowing default, and then possibly a default judgment, to be lodged against this one defendant on claims which plaintiff no longer wishes to pursue would be inequitable.  Further, vacating default against Venegas will allow plaintiff to either dismiss his claims against Venegas as well, or to pursue his claims against him in due course.  Either way, plaintiff's current position in this case will not be effected, as no discovery has commenced.  Moreover, plaintiff has not articulated how he will be prejudiced by the lifting of the default, and merely comments that Venegas' failure to respond was "negligence on his part."

Second, it appears that Venegas has meritorious defenses to plaintiff's claims.  Venegas indicates that if plaintiff intends to pursue his case against him, he will move to dismiss plaintiff's claims pursuant to Federal Civil Procedure Rule 12(b)(6).  Venegas contends that plaintiff has failed to state a cognizable claim against him because he had no involvement in any of the events or conduct alleged by plaintiff.

Finally, it appears that even though Venegas admits that his failure to respond to plaintiff's complaint in a timely manner was his fault, it was caused by his misunderstanding of the effect of

signing a waiver of service, as well as the circumstances of his moving and traveling across the country, and the issues concerning his representation.  This conduct does not constitute the requisite wilfulness or bad faith which is necessary to finding a defendant culpable in the context of failing to timely answer.  <u>Gross v. Stereo Component Systems, Inc.</u>, 700 F.2d 120, 124 (3d Cir. 1983); <u>Blue Ribbon Commodity Traders, Inc. v. Quality Foods Distributors</u>, 2007 WL 4323001, *3 (E.D. Pa. 2007) (explaining that "[e]ven where neglect is inexcusable, and where the Court cannot condone a defendant's failure to respond to a lawsuit for an extended period of time, culpable conduct warranting the refusal to set aside default must rise to the level of 'flagrant bad faith,' and 'callous disregard of responsibility'" (citation omitted)).

## **CONCLUSION**

Defaulting defendant Venegas has demonstrated good cause for vacating the default entered against him.  Venegas shall now answer or otherwise move as to plaintiff's claims in the time and manner prescribed by the Federal Rules.  An appropriate Order will be entered.


Date: November 6, 2009                         s/ Noel L. Hillman

At Camden, New Jersey                          NOEL L. HILLMAN, U.S.D.J.